The Hon. John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALAN GOMEZ-MARENTES, *et al.*,<br>Defendants. | NO. CR20-092-JCC<br><br>**DECLARATION OF DEA TASK FORCE OFFICER LUKE BRANDEBERRY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RESTRAINING CERTAIN FORFEITABLE PROPERTY** |

I, Luke Brandeberry, declare and say:

1. I am a Task Force Officer ("TFO") of the Drug Enforcement Administration ("DEA"), currently assigned to the Tacoma Resident Office, located within the Seattle, Washington, Field Division. As such, I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. I have been a TFO since February 2019. I am a commissioned law enforcement officer of the Kent Police Department. I have a total of 12 years' experience as a police officer. During my time as a police officer, I have worked uniformed patrol, as well as plain clothes investigations. As a detective with the Kent Police Department Special Investigations Unit and a TFO with the DEA, I have participated in hundreds of



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

investigations that involved drug-related offenses. These cases involved the use of undercover agents and confidential sources to investigate the trafficking of methamphetamine, heroin, cocaine, ecstasy, firearms, and various abused prescription drugs. In many of these cases, I acted as the case agent, confidential source handler, and/or undercover purchaser.

2. I am a graduate of McDaniel College, and hold a bachelor's degree in Sociology with emphasis in Criminal Justice. In 2007, I completed a six-month entry-level police academy in Montgomery County, Maryland. Since then, I have received over 300 hours of instruction specific to controlled substance and financial investigations.

3. I am responsible for investigations involving specified unlawful activities, to include the distribution of methamphetamine, heroin, and cocaine in the Western District of Washington. I am also responsible for enforcing federal narcotics laws and related statutes in the Western District of Washington. I received training on the proper investigative techniques for these violations, including the use of confidential sources, undercover agents/officers, the identification of drug trafficking organizations and identifying the movement of narcotics and narcotic proceeds to and from Western Washington. I have actively participated in investigations of criminal activity, including but not limited to crimes against persons, crimes against property, and narcotics-related crimes. During these investigations, I have also participated in the execution of search warrants and the seizure of evidence indicating the commission of criminal violations. As a law enforcement officer, I have testified under oath, attested to applications in support of search and arrest warrants, and obtained electronic monitoring orders. I have also assisted with several Title III (i.e., wiretap) investigations during my time as a DEA TFO. During those wiretap investigations, I have worked in the wire room where I have gained experience with minimization and evidence gathering from this type of investigation.

4. I have obtained the facts set forth in this declaration through my personal participation in the investigation described below; from oral and written reports of other law enforcement officers; from witnesses and informants cooperating with law



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

enforcement; and from records, documents and other evidence obtained during this investigation. I have obtained and read official reports prepared by law enforcement officers participating in this investigation and in other investigations.

5. I make this declaration in support of a motion for entry of a protective order that would allow the United States to maintain custody of, or otherwise restrain, $1,500 in United States currency seized from Defendant Ruth Gomez-Marentes's residence in Kent, Washington ("the 100th Ave. SE Residence"), on July 28, 2020, (the "Subject Currency") pending resolution of this criminal case.

6. On July 28, 2020, law enforcement executed a search warrant (the "Warrant")—MJ20-458 (5) in the U.S. District Court for the Western District of Washington—at the 100th Ave. SE Residence. Surveillance and mail cover returns established that Defendant Gomez-Marentes was residing at that location for a period of time before execution of the Warrant. The Court issued the Warrant on the grounds that there was probable cause to believe that the 100th Ave. SE Residence, and others identified in the underlying investigation, contained proceeds and/or facilitating property of drug trafficking and conspiracy to distribute drugs, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)-(C), and 846, among other offenses.

7. During the search, law enforcement located the Subject Currency in the bedroom of Defendant Ruth Gomez-Marentes, as confirmed by third-party resident "R.M.G." Law enforcement aggregated the Subject Currency with other currency also located in the bedroom. The aggregated currency—which was found in envelopes, shoe boxes, and a purse—totaled $9,245.

8. Defendant Ruth Gomez-Marentes was not present at the 100th Ave. SE Residence during the search. Accordingly, law enforcement briefly interviewed R.M.G., who estimated that there was approximately $2,000 in currency located in the bedroom. R.M.G. further stated that some of the money was from flooring work, and some of the money was for rent. Law enforcement asked R.M.G. how much of the money belonged to Defendant Ruth Gomez-Marentes, and R.M.G. estimated $1,400 in response. Law



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

enforcement seized all $9,245 as suspected drug proceeds and informed R.M.G. it was doing so.

9. At the time of the seizure, Defendant Ruth Gomez-Marentes did not appear to have any legitimate income. In an interview with law enforcement on July 28, 2020, the defendant admitted that her brother, Co-Defendant Alan Gomez-Marentes, had a debit card linked to her Wells Fargo bank account. The defendant further admitted that her brother would frequently make cash deposits to her account; that she believed such deposits comprised proceeds from the distribution of controlled substances; and that all cash deposits made to her account were conducted by her brother. Over a thirteen-month period, approximately $72,000 in funds passed through Defendant Ruth Gomez-Marentes' account. Of those funds, approximately $52,210 were in the form of cash deposits—all of which the defendant admitted represented drug trafficking proceeds. The remaining deposits did not follow any discernable pattern, and law enforcement could not identify any regular employment deposits.

10. Defendant Ruth Gomez-Marentes was actively involved in the drug trafficking organization ("DTO") under investigation in this criminal case. She has participated in both the trafficking and distribution of controlled substances, as well as the laundering of proceeds. For example, law enforcement intercepted multiple conversations between Defendant Ruth Gomez-Marentes and her brother, Co-Defendant Alan Gomez-Marentes, between October 25 and 27, 2019, which indicated the DTO brought a new shipment of liquid methamphetamine into Western Washington concealed within candles. Intercepted communications further indicated that Defendant Ruth Gomez-Marentes physically drove the shipment to Washington from California. Other intercepted calls between Defendants Alan Gomez-Marentes and Ruth Gomez-Marentes appeared to involve discussions of the nuances of money laundering. For example, during an intercepted call on October 28, 2019, Defendant Ruth Gomez-Marentes explained to her brother that she had moved $30,000 from Texas to Washington by using her grandfather to make the deposit.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

11. After seizing the Subject Currency, DEA initiated administrative forfeiture proceedings against the Subject Currency pursuant to 18 U.S.C. § 983 (governing non-judicial forfeiture). R.M.G. filed a claim on March 24, 2021 to all $9,245 seized from the 100th Ave. SE Residence during the search (the "Claim"), which DEA referred to the United States Attorney's Office for judicial forfeiture.

12. In the Claim, R.M.G. stated that the money was taken from R.M.G.'s bedroom; that $7,745.00 of the seized currency belonged to R.M.G. and R.M.G.'s partner ("J.E.M."); and that there was an envelope with Defendant Ruth Gomez-Marentes' name on it containing $1,500, which belonged to the defendant. *Id.* R.M.G. further stated in the administrative claim that R.M.G. was not sure if R.M.G. could claim the Subject Currency—the $1,500 contained in the envelope belonging to the defendant. *Id.*

13. R.M.G. attached bank records to the administrative claim purporting to show the legitimate source of the seized currency. The records appear to comprise excerpts of bank statements for an account held in the name of J.E.M. and J.E.M.'s business. Those statements further appear to show currency withdrawals totaling approximately $9,900 between June 1 and July 20, 2020.

14. The Subject Currency is in the custody of the United States Marshals Service.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 1st day of July, 2021, in Tacoma, Washington.

LUKE A. BRANDEBERRY
DEA Task Force Officer



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970