The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR20-092JCC |
| Plaintiff, | GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER |
| v. | |
| ALAN GOMEZ-MARENTES, et al. | *Note for Calendar: February 4, 2022* |
| Defendants. | |

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Amy Jaquette and C. Andrew Colasurdo, Assistant United States Attorneys for said District, hereby file this Motion for a Protective Order. The undersigned has provided a copy of this motion to defense counsel. To date, nine attorneys have indicated they do not object to the motion. None of the defense counsel have raised an objection.

## I. BACKGROUND

The United States has provided and is continuing to provide counsel for the defendants with discovery materials consistent with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure (CrR), the Local Rules of the Western District of Washington, and *Brady v. Maryland* and its progeny.

Government's Motion for Protective Order - 1
*U.S. v. Gomez-Marentes, et al.*, CR20-092JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

The government anticipates that pursuant to these obligations it will be required to produce discovery materials that will provide identifying information about the confidential informants and other potential witnesses. Such materials include audio recordings in which the informants' voices are plainly audible, and/or descriptions of conversations by which the informants could be identified, and/or photographs and videos of controlled buys and/or meetings during which the informants and their vehicles are clearly visible. The United States is concerned that dissemination of this sensitive information may create opportunities for witness intimidation or retaliation against the informants and/or the informants' associates and family members.

In addition, the United States may produce records relating to statements of defendants and/or civilian witness interviews. In many cases, these materials contain information that could be interpreted by others, whether rightly or wrongly, as assistance to law enforcement. Thus, concerns regarding witness intimidation or retaliation arise.

Finally, the discovery materials will almost inevitably include personal/sensitive information about, and photographs of, some of the charged defendants and other witnesses. For instance, the government has seized many cell phones belonging to various defendants and witnesses, which will likely contain personal/sensitive information and photographs. The government has also obtained voluminous financial records, to include bank statements and records of other financial transactions, in connection with its money laundering investigation, all of which will contain personal/sensitive information. In addition, other records will likely contain PII (names, dates of birth, social security numbers, etc.), which should not be disseminated.

These materials are collectively referred to herein as "Protected Material." Through this motion, the parties stipulate and agree regarding the handling and dissemination of Protected Material with respect to this case.

## II.    PROTECTIVE ORDER REQUEST

Pursuant to Fed. R. Crim. P. 16(d)(1), this Court has wide discretion to direct the disclosure and dissemination of discovery materials:

Government's Motion for Protective Order - 2
*U.S. v. Gomez-Marentes, et al.*, CR20-092JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1).

The government requests that the Court exercise this discretion and issue a Protective Order that would prohibit the dissemination of the Protected Material and the information contained therein, as set forth in greater detail in the proposed Protective Order. In essence, under the proposed Protective Order, possession of the Protected Material would be limited to the attorneys of record in this case and their staff, and to any investigators, expert witnesses, and other agents that the attorneys of record retain in connection with this case. The defendants would be permitted to inspect and review the Protected Material but would not be permitted to possess Protected Material or make or retain copies of Protected Material. These proposed restrictions are designed to permit full use of the Protected Material and information contained therein in the preparation of each defendant's defense, but to avoid distributing Protected Material and the information therein to other persons who have no legitimate defense-related need for the information.

Nothing in the Proposed Order prevents any party from seeking to modify the Protective Order or from raising any other discovery-related objections. In the event that counsel for a defendant believes that the government has incorrectly designated material as Protected Material, the attorney will first confer with the government to attempt to resolve the issue. If the parties cannot resolve the dispute, counsel can raise the issue with the Court by way of a motion.

Nothing in the Proposed Order requires the government to provide discovery at a time or in a fashion inconsistent with applicable law. The failure to designate any materials shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

Government's Motion for Protective Order - 3
*U.S. v. Gomez-Marentes, et al.*, CR20-092JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III. CONCLUSION

Based on the facts outlined above, the government respectfully requests that this Court issue a Protective Order that prohibits the reproduction or dissemination of the Protected Material.

DATED this 25th day of January 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

 s/ Amy Jaquette
AMY JAQUETTE
C. ANDREW COLASURDO
Assistant United States Attorney
United States Attorney's Office
700 Stewart, Suite 5220
Seattle, WA 98101-3903
Telephone:   206-553-7970
Fax:              206-553-4986
E-mail:   amy.jaquette@usdoj.gov

Government's Motion for Protective Order - 4
U.S. v. Gomez-Marentes, et al., CR20-092JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970